## HESCOM, Inc. v. SOUTHERN BELL TEL. & TEL. CO.

No. 63-3271-E.

Circuit Court, Duval County.

July 4 and 29, 1963.

Austin, Basford & Miller, Jacksonville, for plaintiff.

Harold B. Wahl and Nathan H. Wilson, both of Jacksonville, for defendant.

TYRIE A. BOYER, Circuit Judge.

*Order, July 4, 1963:* This cause came on to be heard on July 4, 1963 on the defendant's motion to dismiss the complaint and the plaintiff's prayer for an injunction restraining the defend-

ant from distributing the Jacksonville telephone directory which is to become effective July 14, 1963, a copy of which was received in evidence as defendant's exhibit no. 1. (The plaintiff consented to the evidence being received out of order). At the commencement of the hearing the plaintiff moved ore tenus for permission to amend the prayer of its complaint, which motion was granted. It appears from the testimony adduced at the hearing that the telephone directory, the distribution of which is sought to be enjoined, contains many thousands of changes in telephone listings and many thousands of new numbers which are not listed in the directory now in use. It also appears that the directory contains advertising in the "yellow pages" for many persons and firms, which does not appear in the directory currently in use, and that such persons and firms have paid many thousands of dollars for such advertising. It further appears that a reprinting of the directory, the distribution of which is sought to be enjoined, would cost in excess of $150,000, and that such reprinting would require many days.

The plaintiff has not alleged, and does not contend, that the defendant has acted wilfully, wantonly or maliciously in the omission of the listing alleged in the complaint.

Upon consideration, the court finds that the interests of the general public, particularly the many thousands of persons and firms whose telephone listings will be changed or added in the new directory, the distribution of which is sought to be enjoined, would be so adversely affected that it would create an undue hardship upon the general public, as well as the defendant, to grant the injunction sought by the plaintiff and would therefore be inequitable. Accordingly, it is ordered, adjudged and decreed that —

The plaintiff's ore tenus motion for permission to amend the prayer to its complaint is granted and the complaint stands as amended in accordance with the amendments which were dictated into the record during the hearing. The plaintiff is directed to file said amendments in writing forthwith.

The defendant's motion to dismiss the complaint is denied. In denying the motion to dismiss, this court is not holding that the plaintiff does not have an adequate remedy at law, or that the plaintiff is entitled to any of the equitable relief prayed for. The court holds only that the complaint contains equity, and that testimony must be taken in order to determine whether the plaintiff has an adequate remedy at law, and whether the plaintiff is entitled to any of the equitable relief prayed for.

The plaintiff's prayer for a temporary and permanent injunction enjoining the defendant from distributing the Jacksonville telephone directory to become effective July 14, 1963 is denied.

Final hearing in this cause is hereby set for 12 noon, July 26, 1963, in chambers in the Duval County Courthouse. In the event the final hearing cannot be concluded on said last mentioned date the hearing will be adjourned until 9 A.M. on July 29, 1963, at which time the hearing will be continued and concluded on said date.

*Final decree, July 29, 1963:* The complaint is brought by a corporation against the defendant, Southern Bell Telephone and Telegraph Company, and seeks equitable relief only. Though the complaint was twice amended by ore tenus motions during the hearings, it was never amended to seek damages; the plaintiff's attorneys having repeatedly stated that the plaintiff's damages would be so conjectural and uncertain in amount as to make them impossible of proof. The gist of the complaint is to the effect that the plaintiff entered into a contract with the defendant for a telephone listing in the 1963 directory and that the defendant "through an oversight, mistake, or neglect, cancelled" said contract without notifying the plaintiff. The complaint refers to a contract, a copy of which is attached thereto, which attached contract however is for directory advertising as distinguished from a listing. Nevertheless by amendment during the hearing the complaint was amended to encompass the failure on the part of the defendant to list the plaintiff's telephone number in addition to the omission from the directory of the advertising called for by the contract attached to the complaint.

A hearing was held on July 4, 1963, on the plaintiff's prayer for a temporary injunction enjoining distribution of the 1963 telephone directory for Jacksonville and its environs, at the conclusion of which this court, after finding that the interests of the general public, particularly the many thousands of persons and firms whose telephone listings will be changed or added in the new directory, would be so adversely affected that it would create an undue hardship upon the general public as well as the defendant, to grant the injunction sought by the plaintiff, denied the injunction and continued the hearing until July 26, 1963.

This cause thereupon came on for final hearing pursuant to this court's said prior order. No useful purpose will be served by delineating all of the rather complicated factual situation giving rise to this controversy. Suffice to say, the root of the prob-

lems stems from the officers of the plaintiff corporation ignoring the corporate entity and considering themselves as partners, rather than as corporate officers, doing business under the name of the corporation. The officers of the corporation referred to themselves as partners, as did their respective wives who were also directors of the corporation and this action on their part lead the employees of the defendant to also refer to the officers and treat such officers as partners. The resulting confusion was the direct and proximate cause of the plaintiff's telephone number being omitted from the new telephone directory. Though this court finds that the defendant, acting through its employees and agents, did not act perfectly, by the same token this court finds that said agents and employees did no act which a reasonable and prudent person would not have done under all the circumstances of the situation and they omitted nothing which a reasonable and prudent person would not have omitted under all the circumstances of the situation. It is further apparent that defendant was led into error, if error there was, by the acts of the directors (or some of them) and the acts of at least one of the officers of the plaintiff corporation.

Under the evidence as it appears at the conclusion of the plaintiff's case upon the plaintiff having rested, viewing the evidence most favorably to the plaintiff, this court finds that it has no alternative but to grant the defendant's motion for a final decree, as it appears that equity cannot aid the plaintiff under the circumstances revealed by the evidence, and if the plaintiff has any remedy it is in a court of law.

As above stated, the plaintiff stated that it cannot prove its damages and has not moved that this case be transferred to the law side of the court pursuant to rule 1.39, 1954 R. C. P.

Upon consideration, it is ordered, adjudged and decreed that —

The defendant's motion for a final decree in its favor, at the conclusion of the plaintiff's evidence, is granted and a final decree is hereby entered in favor of the defendant and against the plaintiff and the several prayers set forth in the plaintiff's complaint, as amended, are each severally denied.

The defendant shall have and recover from the plaintiff the defendant's costs as may be hereinafter taxed.

This final decree is entered without prejudice to the plaintiff's right and privilege to bring an action at law for damages should it see fit so to do.